[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13757

_____

D.C. Docket No. 4:17-cr-10006-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 2, 2018)

Before ROSENBAUM, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Benjamin Moore appeals his conviction and 51-month sentence

after pleading guilty to possession of a firearm and ammunition by a convicted

felon, in violation of 18 U.S.C. § 922(g)(1).  Specifically, Defendant Moore appeals the district court's denial of his motion to suppress the shotgun and ammunition and the district court's application of a four-level enhancement under the United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(b)(6)(B).

As to Defendant Moore's motion to suppress, a magistrate judge held an evidentiary hearing with witnesses, and also multiple video and audio recordings of the 911 call and the victim's and officers' communications at the scene and inside the residence.  The magistrate judge entered findings of fact and conclusions of law in a detailed report and recommendation ("R&R"), recommending that the district court deny the motion to suppress.  The district court adopted the R&R and denied Defendant Moore's motion to suppress.  We review the district court's denial of a motion to suppress for clear error as to the district court's findings of fact and de novo as to the application of the law to those facts, construing the facts in the light most favorable to the prevailing party in the district court.  United States v. Ramirez, 476 F.3d 1231, 1235-36 (11th Cir. 2007).

This Court not only has had oral argument and reviewed the record, but also has reviewed the video and audio recordings.  Given the evidentiary hearing and the detailed findings of fact in the ruling on the motion to suppress and in briefs on appeal, the parties are fully aware of the facts of this case and we need not recount them here.  After review, with the benefit of oral argument, and given the totality

of the circumstances of this case, we find no reversible error in the district court's denial of Defendant Moore's motion to suppress.

As to Defendant Moore's sentencing claim, we review the district court's application and interpretation of the Guidelines de novo, but review its factual findings for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). Section 2K2.1(b)(6)(B) of the United States Sentencing Guidelines provides that a defendant is subject to a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Possession of a firearm can be actual or constructive. United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011). Actual possession of a firearm exists where the defendant has direct physical control over it. See Henderson v. United States, 575 U.S. __, __, 135 S. Ct. 1780, 1784 (2015). Constructive possession exists where the defendant "knowingly has the power or right, and intention to exercise dominion and control over the firearm." Perez, 661 F.3d at 576.

Here, the district court did not clearly err in concluding that Defendant Moore used or possessed the shotgun in connection with another felony. Defendant Moore knew that the shotgun was inside the house and intended to later exercise dominion and control over it. This is supported by Defendant Moore's wife's statements that Defendant Moore several times threatened to shoot her with

3

the shotgun and that he hid his gun in the sofa.  Defendant Moore resided there with the victim and the gun was his.  Because Defendant Moore had dominion over the premises where the gun was located and owned the gun, he constructively possessed the shotgun.  Accordingly, we affirm Defendant Moore's conviction and sentence.

**AFFIRMED.**